ELIZABETH J. DUDLEY, PLAINTIFF, *v.* EDWARD D. PARKER AND OTHERS, DEFENDANTS.

*Civil damage act — sale to one person of liquor, by drinking which his companion becomes intoxicated, and as a consequence injures a third person.*

In an action to recover damages for injuries sustained from a collision with a wagon driven by one Shaw, who was in a state of intoxication, it appeared that Shaw and a companion named Gage, entered the place of business of certain liquor dealers, the defendants in the action, Shaw remaining near the front-door in conversation with one of the defendants and Gage passing to the rear of the store, where he purchased a pint bottle of whisky, for which he paid the clerk. Thereupon he and Shaw left the store and separated, agreeing to meet the next day, which they did, and started out on a ride together, taking the bottle of liquor with them and drinking of its contents, and thereby creating the intoxication on the part of Shaw, which, it was alleged, was the cause of the accident, before the happening of which, however, Gage had left the wagon.

Upon the trial of the action, the jury were charged that should they find, as a matter of fact, that Gage and Shaw went into the defendants' place of business, when the purchase was made, for the common purpose of purchasing liquor to be drank by them on some subsequent day, and that Shaw went into the defendants' store with Gage, knowing that his object was to purchase liquor to be drank by them in common, that the plaintiff had made out a case within the statute so far as the question of sale was involved.

*Held,* that if Gage and Shaw had a common purpose to buy the liquor, to be drank by them at a future time, then the case came within the statute, although the sale was made to Gage, individually, and he alone paid for the liquor, and the defendants had no actual knowledge that the liquor was to be drank in part by Shaw with the consent of Gage.

That the statute does not limit the seller's liability to the injured party, to cases where the injury to the person making the complaint arises from the intoxication of the person to whom the liquor was sold and delivered.

That the defendants' liability in this case did not depend upon their having reason to suppose or believe, under the circumstances of the case, that Shaw and Gage had arranged between themselves for purchasing the liquor of the defendants to be drank by both of them.

Motion by defendants for a new trial founded on exceptions taken on the trial of the cause at the Cayuga Circuit, January 12, 1889, and ordered to be heard at the General Term in the first instance. The plaintiff is the wife of Carroll E. Dudley, and the action was founded upon the provisions of chapter 646 of the Laws of 1873.

*F. D. Wright,* for the plaintiff.

*S. E. Payne,* for the defendants.

Barker, P. J.:

The plaintiff and her husband, while riding in their own carriage on a public highway, were run into and their carriage overturned and they were thrown out by one Shaw, who was driving a horse before a buggy and going in the same direction. The plaintiff received severe personal injuries. The evidence tended to show that Shaw was in a state of intoxication and that his conduct in the management of his horse was careless and reckless. The defendants were liquor dealers in the city of Auburn, and the evidence tended to prove and fairly justified the conclusion that the liquor which caused Shaw's intoxication, in whole or in part, was sold by them on the evening of the day preceding the accident.

The serious question in the case is, whether the sale of the liquor by the defendants was made under such circumstances as to make them liable to the plaintiff for the injuries which she sustained, within the provisions of the act (chap. 646, Laws of 1873) entitled "An act to suppress intemperance, pauperism and crime." For the purpose of considering the questions presented by this appeal the

provisions of the statute may be briefly stated as follows: "Every * * * person who shall be injured in person or property, * * * by any intoxicated person, * * * shall have a right of action in his or her name, against any person or persons who shall, by selling or giving away intoxicating liquors, cause the intoxication in whole or in part of such person." The evidence shows that Shaw and one Gage, both of whom resided in Auburn, were friends and companions. Both were employed in the same manufacturing establishment as mechanics or laborers, and on Saturday evening, which was the day before the accident occurred, they planned a ride together, in a buggy, which Shaw was to procure at his own expense. At this time they were on the street together near the defendants' place of business, and they entered the store in company, Shaw remaining near the front door in conversation with one of the defendants, and Gage passed to the rear of the store and purchased from a clerk a pint of whisky, which was put into a bottle which Gage had with him, for which he paid the clerk; and then Shaw and Gage left the store together, and soon separated, agreeing to meet the next morning at an appointed place, and there is no proof that either drank any of the liquor that night. Gage was in the habit of occasionally purchasing liquor at the defendants' store, and they knew him as one of their occasional customers who purchased liquor in small quantities, and neither of them had much acquaintance with Shaw. The evidence is scant on the subject, but we think it justifies the inference that before Shaw and Gage entered the defendants' store it was understood between them that Gage should have his bottle filled with whisky, to be drank by them on their ride the next day. As the exceptions were ordered to be heard here in the first instance, only questions of law are before us for review. The next morning they started on their ride into the country, Shaw having procured a horse and buggy, and soon they commenced to drink from the bottle. Before the accident, Gage, had left the buggy and another person occupied his seat, Shaw all the time driving the horse.

We are of the opinion that a case was made for the consideration of the jury, with proper instructions as to the law of the case. The court charged the jury, in substance, that if Shaw did not partici-

# 32          DUDLEY v. PARKER.

pate in the purchase of the liquor from the defendants, they were not liable.   That if Gage purchased the liquor on his own account, and paid for it with his own money, and afterwards gave the liquor or a portion of it to Shaw, which contributed to the intoxica-tion of the latter, then the defendants were not liable; and the court also stated to the jury, that if they should reach the conclusion that Shaw did not go into the store for the purpose of participating in any way in the purchase of the liquor, and that he had no knowl-edge that Gage was intending to purchase liquor for their own use, then the plaintiff could not recover.   He then instructed the jury that if they should find, as a matter of fact, that Gage and Shaw went into the defendants' place of business on the evening of the ninth of October, 1886 (which was the time the purchase was made), for the common purpose of purchasing liquor to be drank by them at some subsequent time, and that Shaw went into the defendants' store with Gage, knowing that his object was to purchase liquor to be drank by them in common, then the plaintiff had made a case within the statute, so far as the question of sale by the defendants was involved.

The defendants asked the court to charge, that if the defendants sold and delivered the whisky to Gage, and had no knowledge or information that the whisky was to be drank by Shaw, the defend-ants were not liable ; and, also, that if the defendants at the time of the sale and delivery of the whisky to Gage had no knowledge that the sale and delivery were for Gage and Shaw, the defendants were not liable.   The court refused to charge either of the proposi-tions and the defendants excepted; and they also took exceptions to the charge as made to the first proposition.   For convenience, the law of the case as stated in the charge may be condensed and put in this form:   If Gage and Shaw had a common purpose to buy the liquor to be drank by them at a future time, then the case came within the provisions of the statute, although the sale was made by the defendants to Gage, individually, and he alone paid for the same, and they had no actual knowledge that the liquor was to be drank in part by Shaw with the consent of Gage.   As applicable to the facts and circumstances of this case, we incline to the opinion that the charge was correct, and that neither of the exceptions were well taken.

A right of action is given by the statute to the class of persons mentioned therein, who have suffered a loss in consequence of the intoxication of any person against the person who sold the liquor which caused the intoxication in whole or in part. In terms the statute does not limit the seller's liability to the injured party to cases where the injury to the person making the complaint arises from the intoxication of the person to whom the liquor was sold and delivered. To give the statute such a construction, would be to defeat in part the legislative intent and purpose as declared in the title of the act, and prevent a recovery in many cases which come within the spirit as well as the very letter of the statute. The defendant's proposition, as expressed in the request to charge, would exempt the seller from all the penalties of the act in every case where the liquor sold causes the intoxication of a person other than the person to whom the sale was, in form, made and the liquor delivered, unless the seller had actual knowledge that the same was to be drank by some other person as a beverage. To this proposition we cannot give our consent, and it was not error to reject the same. To render a refusal to charge erroneous, the request must be in such form that the court is in duty bound to make the same without any qualification. It is fair to presume that every person engaged in selling liquor by small measure knows that, in most instances, the same is purchased to be drank as a beverage by some one; and if he has reason to believe, when the sale is made, that some other person than the person to whom the sale was, in form, made and the liquor delivered was interested in the purchase and was to drink the same in whole or in part, the seller exposes himself in case such person becomes intoxicated by drinking the liquor to all the pecuniary liability imposed by the law. Suppose a child, unknown to the dealer, should apply for the purchase of a small measure of liquor, and the same should be supplied and taken by the child to the home of its parents and drank by them, and one or both of them should become intoxicated by its use, could the seller successfully defend an action brought against him on the sole ground that he had no knowledge that the liquor was to be used by the parents of the child who purchased it? In such a case there would be sufficient evidence in the circumstances connected with the pur-

chase, to suggest to the dealer that the child in making the purchase was, as a matter of fact, acting for and in behalf of another, and to put the seller on inquiry for the purpose of ascertaining to whom the sale was, in fact, made. Many other cases likely to occur might be stated for the purpose of illustrating the proposition that the statute does not require actual knowledge on the part of the seller as to who the real purchaser is, or the person who is to share in drinking the liquor in order to charge him with liability under the provisions of the statute.

The trial court gave the statute a construction that the defendants were liable if the purchase was, in fact, made in pursuance of an understanding between Gage and Shaw that the liquor should be purchased for their common use, although the defendants did not know, nor have any reason to suppose or believe, that Shaw was to share in the use of the liquor. We incline to the opinion, and so hold, that the charge in this respect was erroneous, and should have been qualified so as to make the defendants' liability depend upon their having reason to suppose or believe, under the circumstances of the case, that Shaw and Gage had arranged between themselves for purchasing the liquor of the defendants to be drank by both of them. If neither of them knew or had reason to suppose or believe that, as matter of fact, Shaw was interested in the purchase, then the defendant would not be liable, but it would present a case where liquor was purchased by a person who afterwards gave the same to be drank by another. The statute imposes serious penalties on all dealers of intoxicating liquors who shall sell the same as a beverage where intoxication is caused by its use, which are wholly unknown to the common law, and but few general rules can be laid down which will be applicable to all cases arising under the statute, and each case must be determined by its facts and attending circumstances.

The motion for a new trial should be granted, with costs to abide event.

MACOMBER, J., concurred; DWIGHT, J., not voting.

Motion for new trial granted, with costs to abide event.